# IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL STICKFORD | * | |
| PLAINTIFF | * | |
| V. | * | CASE NO. 4:19CV00568 SWW |
| MARABLE TRANSPORTS, INC. and CHAD DANIEL JAMES, originally named as "James Daniel" | * | |
| DEFENDANTS | * | |

## ORDER

Plaintiff Daniel Stickford (Stickford) filed this personal injury action in state court against Marable Transports, Inc. (Marable) and a defendant misidentified as "James Daniel." Marable removed the case to this Court based on diversity of citizenship between the parties and an amount in controversy more than $75,000. After removal, Stickford filed an amended complaint, correcting the name of defendant "James Daniel" to "Chad Daniel James" (James). Now before the Court is Stickford's motion to remand [ECF Nos. 10, 11], Defendants' response in opposition [ECF No. 16], and Stickford's reply [ECF No. 17]. After careful consideration, and for reasons that follow, the motion is granted, and the case is remanded to the Circuit Court of Pulaski County, Arkansas.

Stickford seeks damages for injuries that he allegedly sustained in a motor vehicle accident that occurred in Little Rock. According to the amended complaint, Stickford, an Arkansas resident, was driving a passenger vehicle on Interstate 430 in Little Rock, when

1

James, an Arkansas resident, was driving a commercial tractor trailer in the scope of his employment with Marable. James made an improper lane change and struck Stickford's vehicle, causing Stickford injury. Stickford brings a negligence claim against James and names Marable as a defendant on the theory that James's negligence is imputed to Marable under the theory of *respondeat superior*.

It is undisputed that defendant Chad Daniel James is a resident of Arkansas. Accordingly, diversity of citizenship between the parties is lacking, and Stickford moves to remand the case back to state court. In opposition to remand, Marable argues that James's nondiverse status does not defeat removal because Stickford seeks to impute James's negligence to Marable. This argument is without merit:

> *Respondeat superior* is a common law doctrine "whereby a master is liable for his servant's torts committed in the course and scope of his employment." *Burger Chef Sys., Inc. v. Govro,* 407 F.2d 921, 925 (8th Cir.1969). "[T]his doctrine imputes the negligence of the servant to the master and makes the latter liable for the torts of the former. But that liability is joint and several; the servant is not relieved." *Pavelka v. Carter,* 996 F.2d 645, 651 (4th Cir.1993).

*Horras v. Leavitt*, 495 F.3d 894, 904 (8th Cir. 2007). In other words, even if James's negligence is imputed to Marable, it does not follow that James is not liable for his own conduct.

Remand for lack of subject matter jurisdiction after removal is controlled by 28 U.S.C. § 1447(c), which provides, in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Here, diversity of citizenship between the parties is lacking, and the motion to remand will be granted.

IT IS THEREFORE ORDERED that Plaintiff's motion to remand [ECF No. 10] is GRANTED. This case is HEREBY REMANDED, pursuant to 28 U.S.C. § 1447(c), to the court from which it was removed: The Circuit Court of Pulaski County, Arkansas.

IT IS SO ORDERED THIS 15TH DAY OF NOVEMBER, 2019.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE